IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK SUMRALL                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 4:16-CV-47-SA-JMV
                                                            CONSOLIDATED WITH 4:16-CV-34-SA-JMV

MARCUS DAVIS, et al.                                                                    DEFENDANTS[1]

MEMORANDUM OPINION

Now before the Court is the Defendants' Motion for Summary Judgment [43] for failure to exhaust administrative remedies. The Magistrate Judge appointed counsel to the Plaintiff, and through counsel, the Plaintiff responded.

*Factual and Procedural History*

Derrick Sumrall was an inmate in the Mississippi Department of Corrections when he filed both of these cases in the District Court for the Southern District of Mississippi on December 18, 2015. The cases were later transferred to this District and consolidated into this lead case. *See* Orders [11, 27]. In his Complaint [1], Sumrall alleges several claims under 42 U.S.C. § 1983, namely that he endured physical attacks and beatings at the hands of the Defendants, mostly Mississippi Department of Corrections (MDOC) employees, and that the Defendants failed to protect him from physical violence from other inmates. Sumrall also alleges that MDOC staff failed to provide him with adequate medical care and conspired to retaliate against him for filing grievances by issuing false Rule Violation Reports (RVR) to him.

---

[1] The named Defendants in case 4:16-CV-47 are: Marcus Davis, Demtre Ray, John Doe Johnson, John Doe, Megatron, Marshall Fisher, Jerry Williams, Supt's Earnest Lee, Timothy Morris, Wendell Banks, Marylen Sturdivant, Connie Durr, Kenishea Cox, Raynette Wells, Lt. Thigpen, and Sabrina Jackson. The named Defendants in 4:16-CV-34 are: Marshall Fisher, Marcus Davis, Demtre Ray, John Doe Johnson, Jerry Williams, N Banks, Timothy Morris, Earnest Lee, Marylen Sturdivant, Daniel Durr, Raynette Wells, Kenisha Cox, Sabrina Jackson, Lt. Thigpen, and Sabrina Jackson. *See* Consolidation Order [27].

The Defendants seek summary judgment on all claims, contending that Sumrall failed to fully exhaust the remedies available to him under MDOC's Administrative Remedy Program (ARP). Sumrall counters that he did exhaust.

*Preliminary Issue: Parties*

The Magistrate Judge assigned to this case held a preliminary hearing on several issues. At the hearing, Sumrall agreed that he had no factual basis for a claim against named Defendants Marshall Fisher, Jerry Williams, Marylen Sturdivant, Connie Durr, Kenishia Cox, Raynette Wells, and Sabrina Jackson. The Magistrate Judge issued a Report and Recommendation [24] recommending that these Defendants be dismissed. No objections were filed, and the time for doing so has expired. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

In light of the results of the hearing, and the fact that no objections were raised, the Court adopts the Report and Recommendation as the opinion, findings of fact, and conclusions of law of this Court. Accordingly, Marshall Fisher, Jerry Williams, Marylen Sturdivant, Connie Durr, Kenishia Cox, Raynette Wells, and Sabrina Jackson are dismissed from these consolidated actions. Sumrall's claims against the remaining Defendants will proceed below to summary judgment review.

*Standard of Review*

Summary judgment is warranted under Federal Rule of Civil Procedure Rule 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.' " *Id*. at 324, 106 S. Ct. 2548. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

*Analysis and Discussion*

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). Thus, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). It is therefore the Defendants' burden to establish what the available procedures were that the inmate did not exhaust. *Id*.; *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

In 2016, the Supreme Court outlined the parameters of "availability" in this context. *See Ross v. Blake*, – U.S. –, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016). *Ross* sets out "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief and unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because "no ordinary prisoner can make sense of what it demands[;]" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1858-60. If a remedy is unavailable, it need not be exhausted. *Id*.[2]

Sumrall filed grievances with MDOC's Administrative Remedy Program on two separate occasions. In July of 2015, Sumrall filed a grievance related to the physical attacks he sustained, the lack of proper medical treatment, and various prison conditions. MDOC rejected Sumrall's grievance because it contained multiple complaints. According to MDOC policy, the Administrative Remedy Program rules only allow one complaint per grievance.

In October of 2015, Sumrall filed another grievance related to the Rule Violation Reports issued against him that he alleges are false and retaliatory. MDOC rejected this grievance because Sumrall refused to sign the Rule Violation Reports, and because more than fifteen days elapsed between the Rule Violation Report, issued on September 30, 2015, and the grievance request, received on October 19, 2015.

---

[2] The Plaintiff argues that the "special circumstances" approach endorsed by the Second and Fourth Circuits applies here to excuse Sumrall from the exhaustion requirement. The Supreme Court expressly rejected this approach in *Ross*: "Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross*, 136 S. Ct. at 1862.

Sumrall allows that his first grievance did involve multiple complaints but argues that the language used in the rejection letter as well as the program rules was so ambiguous that Sumrall was never on notice that he had to file a corrected grievance. The inmate handbook reads in relevant part: "If a request is rejected, it must be done for one of the following reasons [. . .] The inmate has requested a remedy for more than one incident (a multiple complaint)."

The letter that MDOC issued to Sumrall regarding his grievance appears as follows:

> RE: HOW TO ENTER THE ARP PROCESS
>
> It is suggested that you use the following guidelines as a checklist before resubmitting your "ARP" to ensure your request is accepted and handled by the Administrative Remedy Program.

> ☒ (3) Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you.

Sumrall argues that the use of conditional language, specifically the use of the word "will" is too ambiguous to reasonably put Sumrall on notice that his grievance was in fact rejected, and too ambiguous to put him on notice that he needed to refile.

Sumrall posits a similar argument with respect to the rejection of his appeal of his Rule Violation Reports. The relevant handbook language reads: "The appeal will be submitted in writing within fifteen (15) days. . . ."

The Court acknowledges that, regrettably, the MDOC forms and letter contain numerous grammatical and typographical errors. Perhaps most glaringly, the "REJECTED" box on the form that MDOC issued to Sumrall is not marked although the checkbox beneath it indicating that the fifteen days for Rule Violation Report appeals had passed is. The applicable standard is an objective one. An administrative remedy is unavailable when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because "no ordinary prisoner can make sense of what it demands." *Ross*, 136 S. Ct. at 1858-60.

In *Springer v. Unknown Rekoff*, the District Court for the Southern District of Texas denied a motion for summary judgment for failure to exhaust finding that the "initiation of civil rights grievance appeals at the [Galveston County] Jail, by all indications, is not governed by any set procedures, and the materials provided to inmates do not even mention that such appeals are possible; it is hard to see how this program secures prompt, meaningful review of grievance proceedings. No. 3:14-CV-300, 2017 WL 2105433, at *5 (S.D. Tex. May 12, 2017). The *Springer Court* found that administrative remedies were unavailable as defined by *Ross*. *Id*.

In the instant case, in contrast, the MDOC Administrative Remedy Program has set procedures, forms and materials provided to inmates, to initiate and pursue grievances. The Inmate Handbook also provides detailed information on grievance procedures including the types of grievances at issue in Sumrall's case. According to the Handbook, Sumrall had five days to refile his grievance after it was rejected for multiple complaints. The handbook also states that Sumrall had fifteen days after the disciplinary hearing to appeal his Rule Violation Reports. In short, Sumrall has not brought forth any evidence to support a finding that no ordinary prisoner could discern or navigate the appeal process. *See Ross*, 136 S. Ct. at 1858-60. Sumrall failed to refile his first grievance as a single complaint, and failed to initiate a timely appeal of his Rule Violations.

Finally, Sumrall argues that he exhausted his available administrative remedies because he is seeking monetary relief, which the Administrative Remedy Program cannot provide. This argument is problematic factually because Sumrall's initial grievance was not rejected for "relief sought is beyond the power of MDOC to grant" which is an option under MDOC screening procedures and was instead rejected because the grievance contained multiple complaints. Although monetary relief is not available under the Remedy Program, Sumrall requested multiple forms of relief that were within MDOC's power to grant such as medical treatment, being moved

to a different location, cleaning supplies, and termination of certain staff members. *See Ross*, 136 S. Ct. at 1859 (citing *Booth v. Churner*, 532 U.S. 731, 737-38, 121 S. Ct. 1819, 149 L. Ed. 2d 958).

The Court finds that the Defendants have carried their burden of demonstrating that Sumrall failed to exhaust his available administrative remedies, and Sumrall failed to raise any issue of material fact as to the same. Because Sumrall failed to exhaust his administrative remedies prior to filing this suit, as is required by the Prison Litigation Reform Act, his complaints must be dismissed.

Dismissals for failure to exhaust administrative remedies in this context are typically without prejudice unless further action would be futile. *Ewing v. Sanford*, No. 1:16-CV-56-HSO, 2017 WL 2656028, at *4 (S.D. Miss. June 20, 2017), *appeal dismissed*, No. 17-60482, 2017 WL 6759108 (5th Cir. Aug. 8, 2017). The Defendants request dismissal with prejudice arguing that refiling would be futile. Sumrall requests dismissal without prejudice arguing that he is no longer incarcerated and therefore exhaustion requirements of the Act no longer apply to him. Because many of the relevant arguments were introduced for the first time in the Defendants' reply brief, to which Sumrall has not had the opportunity to respond, and because these issues involve theoretical factual determinations about Sumrall's potential status at the time of refiling, the Court finds the most prudent course is to dismiss without prejudice.

For all of these reasons, the Defendants' Motion for Summary Judgment [43] is GRANTED and these CASES are DISMISSED without prejudice. These CASES are CLOSED.

SO ORDERED, on this the 29th day of March, 2018.

                                         /s/ Sharion Aycock
                                       UNITED STATES DISTRICT JUDGE